Filed 12/11/13  P. v. Burroughs CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059014 |
| v. | (Super.Ct.No. FSB023644) |
| MICHAEL L. BURROUGHS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Steven A. Brody, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Michael L. Burroughs filed a notice of appeal after the trial court denied his petition for recall of sentence and resentencing under the Three Strikes Reform Act of 2012 (Proposition 36).  We affirm.

FACTS AND PROCEDURAL HISTORY

In August 2000, defendant was arrested when he sold drugs (a small piece of wrapped cocaine) to an undercover police officer.  In a search of defendant's bag at the time of defendant's arrest, officers discovered more packaged drugs and a handgun.

Defendant was charged by information with one count of possession of cocaine base for sale (Health & Saf. Code, § 11351.5), one count of possession of a controlled substance while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a)), and one count of sale or transportation of cocaine base (Health & Saf. Code, § 11352, subd. (a)).  The information also alleged that defendant had two prior strike convictions, based on a 1997 conviction of voluntary manslaughter, and a 1997 conviction of robbery.

A jury convicted defendant of all three counts as alleged, and found true the strike prior allegations.  In December 2000, the trial court declined to dismiss any of defendant's prior strike convictions (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497), and sentenced defendant to 25 years to life on each count.  Counts one and two were to be served consecutively; the sentence on count three was stayed pursuant to Penal Code section 654.

In March 2013, defendant filed a petition in the trial court to recall his three strikes sentence and for resentencing pursuant to Proposition 36 (Pen. Code, § 1170.126).

2

Defendant urged that he should be eligible for resentencing because his third strike offenses were drug-related offenses.

The trial court denied the petition, finding defendant ineligible for resentencing because he was found to have been armed with a firearm with respect to one of his convicted offenses. (Pen. Code, §§ 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).)

Defendant filed a notice of appeal.

ANALYSIS

Upon defendant's appeal, and on his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, and identifying one potential arguable issue: whether defendant's present conviction rendered him ineligible for resentencing under Proposition 36. Counsel also requested this court to undertake a review of the entire record. Defendant has been offered the opportunity to file a personal supplemental brief, which he has not done.

Under the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the record independently, and found no arguable issues.

3

One of defendant's current offenses was a conviction of Health and Safety Code section 11370.1, possession of cocaine or cocaine base while armed with a loaded, operable firearm. Penal Code section 667, subdivision (e)(2) provides, with respect to three strikes sentencing after the enactment of Proposition 36, that if the current (third strike) offense is not a serious or violent felony, the sentence for the new offense shall be doubled (as if for a second strike), unless it has been pleaded and proved that certain disqualifying circumstances exist. One of the disqualifying circumstances is that "(iii) During the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (Pen. Code, § 667, subd. (e)(2)(C)(iii).) Because it was pleaded and proved, as part of defendant's conviction under Health and Safety Code section 11370.1, that he was armed with a loaded firearm, he was statutorily ineligible for treatment as a second-striker. (Pen. Code, § 1170.126, subd. (e)(2); see also *People v. Singh* (2004) 119 Cal.App.4th 905, 912 [analyzing Health & Saf. Code, § 11370.1, subd. (a) in the same manner as Pen. Code, § 12022, subd. (c), because of the similarity in the statutory language of being "armed" with a deadly weapon].)

The trial court properly denied defendant's petition for resentencing under Proposition 36.

## DISPOSITION

The order denying defendant's petition for recall of sentence and resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

HOLLENHORST
Acting P. J.

KING
J.

5